UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARITZA ORTIZ-SANCHEZ,           )
                                 )
             Plaintiff,          )
                                 )
      v.                         )         No. 3:25-cv-01118-JAW
                                 )
MAITE ORONOZ, et al.,            )
                                 )
             Defendants.         )

## ORDER OF DISMISSAL AFTER INITIAL REVIEW

The court dismisses a complaint against a federal district court judge, a state supreme court justice, and an attorney after initial review, concluding the complaint fails to state a claim upon which relief can be granted.

## I.    BACKGROUND

On February 21, 2025, Maritza Ortiz-Sanchez, a resident of New York, filed a civil action in the District Court for the District of Puerto Rico against Supreme Court of Puerto Rico Chief Justice Maite D. Oronoz-Rodríguez, United States District Judge for the District of Puerto Rico Gina Méndez-Miró, and Ana Lopez-Prieto, an attorney in Puerto Rico (collectively, the Defendants), alleging violations of 42 USC §§ 1983, 1985, and 1988.  *Compl.* (ECF No. 2).  The case was reassigned to this Judge on June 9, 2025.  *Order Reassigning Case* (ECF No. 6).[1]

---

[1]    On April 28, 2025, Ms. Ortiz filed an identical civil complaint, alleging the same violations against the same defendants, on Docket Number 3:25-cv-01272-JAW in the United States District Court for the Southern District of New York.  No. 3:25-cv-01272-JAW, *Compl.* (ECF No. 1).  On May 1, 2025, Chief United States District Judge Laura Taylor Swain transferred the action to this District pursuant to 28 U.S.C. § 1406.  No. 3:25-cv-01272-JAW, *Transfer Order* at 1-2 (ECF No. 8); No. 3:25-cv-01272-JAW, *Order* (ECF No. 10); No. 3:25-cv-01272-JAW, *Order Reassigning Case* (ECF No. 14).

Ms. Ortiz filed a motion to proceed in forma pauperis on February 24, 2025. *Mot. to Proceed in Forma Pauperis* (ECF No. 4); *see also Aff. in Support of Mot. to Proceed* (ECF No. 1). On June 18, 2025, the Court granted Ms. Ortiz's request to proceed without the prepayment of fees. *Order* (ECF No. 8).

Pursuant to 28 U.S.C. § 1915(e)(2), the statute that governs matters filed without the prepayment of fees, courts are authorized to conduct a preliminary review of a complaint when a plaintiff proceeds in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). After conducting such a review of Ms. Ortiz's complaint, the Court concludes her case warrants dismissal.

## II.   THE ALLEGATIONS IN MARITZA ORTIZ-SANCHEZ'S COMPLAINT

Ms. Ortiz brings her complaint "not as an attorney, but as a harmed grandmother, on her own behalf and in self-defense of her fundamental rights." *Compl.* at 1. She says she "seeks to redress and prevent further egregious violations of [her] civil rights" protected by the federal Constitution and the laws of the commonwealth of Puerto Rico, particularly the rights to: (1) "work on her chosen profession, free of reprisal," (2) "not . . . be deprived of her liberty and proprietary interests without due process," (3) the right to equal protection under the law, and

---

Observing that Ms. Ortiz filed two identical suits, both pending in the District of Puerto Rico, and that the Plaintiff does not have the right to proceed in the same court with two identical lawsuits against the same defendants seeking the same relief, on June 10, 2025, the Court issued an order to the Plaintiff to respond within one week, informing the Court on which docket, Docket Number 3:25-cv-01118-JAW or Docket Number 3:25-cv-01272-JAW, she would like to proceed. *Order to Respond* at 1-3 (ECF No. 7). The Court informed Ms. Ortiz that if she did not respond within this timeframe, the Court would dismiss Docket Number 3:25-cv-01272-JAW without prejudice and will proceed with Docket Number 3:25-cv-01118-JAW as the operative lawsuit, which Ms. Ortiz filed first in the District of Puerto Rico. *Id.* at 2. Ms. Ortiz did not timely respond and, thus, on July 1, 2025, the Court entered an order of dismissal as to Docket Number 3:25-cv-01272-JAW. No. 3:25-cv-01272-JAW, *Order of Dismissal* (ECF No. 17).

(4) the right to not be deprived of her property without just compensation. *Id.* at 1-2. She clarifies that her last allegation is in reference to "the illegal, arbitrary and unequal implementation of Puerto Rico's unconstitutional Code of Professional Ethics, Title 4AP," which she says was "selectively imposed . . . to one sole member, of a historically persecuted group of female lawyers" and "the illegal, arbitrary and unequal implementation of Puerto Rico's unconstitutional Rule 9(ñ), of the Puerto Rico Supreme Court," which she similarly claims was "selectively imposed" against her, thereby constituting sex-based discrimination. *Id.* at 2-3. Furthermore, the Plaintiff alleges the Defendants "either directly or vicariously defamed, mocked, pressured, blackmailed (and are still blackmailing) the plaintiff into forfeiting each one of her constitutional protections . . . as part of a predetermined scheme to leave defendant without her ability to practice her chosen profession." *Id.* at 3-4.

Explaining the factual basis for her lawsuit, Ms. Ortiz reports that, until March 1, 2024, she worked for Chief Justice Oronoz, and, in the course of her employment, "Defendant Oronoz, as the classic agent provocateur that she is . . . f[e]ll way beyond what is normally seen from a reasonable employer or a supervisory board." *Id.* at 4. She claims "[t]he defendants' criminal conduct is the direct cause of a decades-long repertoire of irreparable damage," in that the Defendants "broke their oath to the ethical canons of their own professions, and wrongfully planned to act in concert and in common agreement, to break federal and state laws, prohibiting the fabrication of essentially false documents, prohibiting all modalities of witness tampering, within a predetermined scheme to forfeit plaintiff's fundamental right to

work, in her chosen profession." *Id.* at 4-5. The Plaintiff says further that the Defendants "induced, or vicariously provoked, no less than ten (10) consecutive illegal searches, of the plaintiff's body and private life." *Id.* at 6. The Defendants' "predetermined goal" in pursuing this conduct, she avers, was "to forfeit our right to work in our chosen profession and our right to raise our minor child A.B.O." *Id.* at 7.

Ms. Ortiz contends these factual allegations amount to constitutional violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and she seeks redress pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. *Id.* at 5-6. She argues that "[a]t all times material to this action, defendants are acting under the disguise or color of state law." *Id.* at 8. The Plaintiff alleges injuries in the form of lost wages, "underemployment," intentional infliction of emotional distress, pain and suffering, "public and daily discredit and humiliation," and permanent "damages to her dignity, social esteem, etc." *Id.* at 7.

Turning to her specific grievances against each Defendant, Ms. Ortiz clarifies that she is seeking relief against Chief Justice Oronoz in both her official and personal capacities, and against Judge Méndez on the ground that she is married to Chief Justice Oronoz. *Id.* at 9. As to Attorney Lopez, the Plaintiff reports only that she "seems to work from home" as an attorney. *Id.* at 9-10. "At all times relevant to this complaint," Ms. Ortiz repeats, "the defendants failed in their serious responsibility of determining whether or not the subscriber could retain her law license and her youngest daughter," and "maliciously chose to perpetrate fraud against the proper

4

functioning of the entire judicial apparatus." *Id.* at 10.  She says "[w]e have no doubt it also exemplifies flagrant malicious prosecution." *Id.* at 14.

Next, the Plaintiff claims she engaged in "whistleblowing protected conduct" when, on August 30, 2021, she filed a damages lawsuit "against newly appointed Sigfrido Steidel, et al, Oronoz's right-hand administrator." *Id.* at 15 (capitalization altered and emphasis removed).  She reports that, on the following day, "new or unknown State [J]udge Yahaida Zabala filed a baseless complaint against Ortiz, at the Supreme Court of P.R.," and that, on August 15, 2022, the Plaintiff filed "an immediately stalled, damages lawsuit (in state court)," against, among other defendants, Attorney Lopez. *Id.*  The Plaintiff further says that on August 13, 2024, she filed a motion "to request A.B.O.'s structured and constitutional filial visits," which she says remains "stall[ed]." *Id.* at 15-16.

Ms. Ortiz then lists multiple judicial orders she claims amount to retaliation for her allegedly protected conduct, providing examples of orders issued by Chief Justice Oronoz, including decisions addressing motions filed by Attorney Lopez in the context of ethics complaints against the Plaintiff. *Id.* at 17-24.  She also alludes to proceedings involving the minor child she refers to as "A.B.O," raising complaints against Chief Justice Oronoz and Attorney Lopez for, among other things, "accept[ing] defendant Raul Lopez Menendez, as one of her disciplinary-Rule 15's appointed experts . . . who abrupt[]ly displaced Dr. Yanira Carmona, as the original and objective sexual abuse expert for A.B.O.," "corner[ing] Ortiz to the point the plaintiff hired pro[ ]bono doctor Carol Romey, instead," "vicariously tricked, and

fabricated documental evidence . . . publish[ing] no less than three (3) fraudulent written pieces of evidence regarding the subscriber's 'medical file.'" *Id.* at 19, 21, 23, 24. In a footnote, she argues "[t]his case is unique [and] requires the intervention of outsiders because the Commonwealth Court System is incapable of providing Plaintiff with an adequate remedy at law. . .. The defendant(s) work under the supervision of the Administrative Director of the [Administration of the Commonwealth Judiciary], which in turn, administers the Commonwealth Judiciary." *Id.* at 17 n.7.

Ms. Ortiz then repeats her legal claims, contending that her factual allegations establish violations of the Guarantee Clause, her due process and equal protection rights, the Fifth Amendment's Takings Clause, and the "unconstitutional conditions doctrine." *Id.* at 30-38. She also argues the Defendants' actions were taken pursuant to laws that the Court should find void for vagueness. *Id.* at 33-34. Ms. Ortiz concludes, "[w]e will not accept (at least not with a smile), for any public servant, under the disguise or color of authority, to defame and discriminate against us, in violation of the First, Fourth, Fifth, and Fourteenth Amendment of the Constitution of the United States, etc." *Id.* at 38-39. The Plaintiff seeks $100,000,000.00 in compensatory damages, $100,000,000.00 in punitive damages, attorney's fees and costs, prejudgment interest, and "[s]uch other and further relief as may appear just and reasonable." *Id.* at 40.

### III.  LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts presume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A self-represented plaintiff is not exempt from this framework, but the court must construe [her] complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, the First Circuit has clarified that the liberal construction of pro se filings "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890

(1st Cir. 1980). Thus, "[t]hough . . . pro se complaints are to be read generously, allegations . . . must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted).

## IV.    DISCUSSION

After conducting a review pursuant to 28 U.S.C. § 1915, the Court concludes Ms. Ortiz's complaint warrants dismissal. Ms. Ortiz's recitation of facts is a stream of consciousness amalgam of seemingly disconnected assertions; the Court struggles to make sense of her allegations and can discern no pathway to relief that is plausible on its face. The Court's best guess is that the Plaintiff seeks relief against the Defendants for their respective roles in removing a minor child, referred to as A.B.O., from her care, and in rescinding the Plaintiff's license to practice law. She appears to argue that the Defendants' actions amount to federal constitutional violations, which she brings in court pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. Even construing the Plaintiff's complaint liberally, *see Erickson*, 551 U.S. at 94, the Court sees no means to relief against any Defendant on the factual allegations in her complaint.

### A.    Claims Against Chief Justice Maite D. Oronoz-Rodríguez

The Court first turns to Ms. Ortiz's allegations against Chief Justice Oronoz. First, insofar as the Plaintiff seeks relief against a judge "for acts taken as part of their judicial functions," *Caldwell v. García*, Civ. No. 24-1380 (GMM), 2024 U.S. Dist. LEXIS 192061, at *3 (D.P.R. Oct. 21, 2024) (citing, e.g., *Verogna v. Johnstone*, 583 F.

Supp. 3d 331, 337-38 (D.N.H. 2022), *aff'd*, No. 22-1364, 2022 U.S. App. LEXIS 37681 (1st Cir. Nov. 14, 2022)), her complaint must be dismissed under the doctrine of judicial immunity. It is well-established law in this Circuit that "[j]udicial immunity is absolute, and it is broad." *Id.* (citing *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)). "That is, judicial immunity 'applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.'" *Id.* (quoting *Cok*, 876 F.2d at 2).

Second, Ms. Ortiz claims that, until March 1, 2024, she worked for Chief Justice Oronoz, and, in the course of her employment, "Defendant Oronoz, as the classic agent provocateur that she is . . . f[e]ll way beyond what is normally seen from a reasonable employer or a supervisory board." *Compl.* at 4. Accepting as true, for purposes of this initial screening, Ms. Ortiz's allegation that she worked for Chief Justice Oronoz in some capacity, a relationship which would not be protected by judicial immunity, the Court does not see a way to relief against the Chief Justice for events occurring within the course of the Plaintiff's employment. As the Plaintiff acknowledges, "[t]he defendant(s) work under the supervision of the Administrative Director of the [Administration of the Commonwealth Judiciary], which in turn, administers the Commonwealth Judiciary." *Id.* at 17 n.7. Thus, it strikes the Court that the proper defendant for an employment grievance is not Chief Justice Oronoz, but the Administration of the Commonwealth Judiciary, whom the Plaintiff does not name as a party to this suit.

9

Finally, Ms. Ortiz's statement that she seeks relief against Chief Justice Oronoz in both her personal and official capacities, *see Compl.* at 9, does not alter the Court's determination that dismissal is warranted.  The Plaintiff's allegation that Chief Justice Oronoz acted in her personal capacity does not make it so.  Indeed, this allegation, standing alone, is precisely the type of conclusory allegation unsupported by facts that the First Circuit has cautioned against.  *See Slotnick*, 632 F.2d at 165. The complaint contains no factual allegations against Chief Justice Oronoz for any actions taken in anything other than her official role as the Chief Justice of the Supreme Court of Puerto Rico and, thus, Ms. Ortiz's claims against Chief Justice Oronoz remain barred by the doctrine of judicial immunity.

It is black letter law that, to withstand dismissal for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678.  "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).  Furthermore, "pro se status does not insulate a party from complying with substantive and procedural law," *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997), and procedural law requires that "pro se plaintiffs . . . plead basic facts sufficient to state a claim." *Ferranti*, 618 F.2d at 890.  Even with the most liberal reading, Ms. Ortiz has failed to meet this bar in her allegations against Chief Justice Oronoz.

## B.     Claims Against District Judge Gina Méndez-Miró

The Court turns to the Plaintiff's claims against District Judge Méndez. Although it is not clear whether the Plaintiff seeks relief against this Defendant in her individual capacity and/or by virtue of her conjugal partnership with her wife, Chief Justice Oronoz, under either theory, this claim warrants dismissal.

First, insofar as Ms. Ortiz brings a claim against Judge Méndez individually, this is unavailing.  The Court discerns no factual allegations in the complaint against Judge Méndez specifically, *see Compl.* at 9, and it is axiomatic that a defendant may only be held liable for her own conduct.  *See Ashcroft*, 556 U.S. 662.  This is not a claim plausibly entitling the Plaintiff to relief against Judge Méndez.

Second, Ms. Ortiz's claim against Judge Méndez based on her conjugal partnership with Chief Justice Oronoz is similarly unsuccessful.  "Article 1308 of the Civil Code of Puerto Rico provides that the conjugal partnership shall be liable for 'all debts and obligations contracted during the marriage.'" *Rebarber-Ocasio v. Feliciano-Munoz*, No. 3:16-cv-02719-JAW & No. 3:18-cv-01218-JAW, 2023 U.S. Dist. LEXIS 230519, at *83 (D.P.R. Dec. 27, 2023) (quoting *F.D.I.C. v. Monterrey, Inc.*, 847 F. Supp. 997, 1004 (D.P.R. 1994), *aff'd* 45 F.3d 423 (1st Cir. 1995) (in turn quoting P.R. Laws, tit. 31, § 3661 (1990))).  "Under Puerto Rico law, the conjugal legal partnership can be held responsible for torts committed by one spouse as long as the action that gave rise to the tort was for the benefit of the conjugal legal partnership." *CMI Cap. Mkt. Inv., LLC v. Gonzalez-Toro*, 520 F.3d 58, 63 (1st Cir. 2008) ("The generally acknowledged rule is that if the member's work is profitable for the community the

11

liability will also fall on said community's property") (quoting *Asociación de Propietarios del Condominio Villas de Playa I de Dorado del Mar, Inc. v. Santa Barbara Co. of P.R.*, 12 P.R. Offic. Trans. 41, 112 P.R. Dec. 33 (1982)). However, Ms. Ortiz's claim against Judge Méndez, based on the alleged unlawful conduct of her wife, Chief Justice Oronoz, is unavailing because the Court has concluded that Ms. Ortiz has no plausible claim against Chief Justice Oronoz. Simply, there can be no liability to the conjugal partnership or the innocent spouse if, in fact, both spouses are innocent of unlawful conduct, as is the case here.

## C.    Claims Against Attorney Ana Lopez-Prieto

Finally, the Court addresses Ms. Ortiz's claims against Attorney Lopez. Although the record is unclear, the Court suspects the Plaintiff seeks relief against Attorney Lopez for something akin to prosecutorial misconduct. *See Compl.* at 14 ("We have no doubt [the Defendants' conduct] also exemplifies flagrant malicious prosecution"). Ms. Ortiz enumerates, for example, motions filed and actions taken by this Defendant in lawsuits and ethical proceedings involving the Plaintiff. *See Compl.* at 19 ("99.9% of defendant Lopez Prieto's filings, within State Family Court, violated, as minimum, Canon 35, due to lack of sincerity and minimum levels of reasonable decency"); *id.* ("the strip mall lawyer Lopez Prieto, filed no less than fifty (50) written documents (directly or indirectly), to prevent us from being admitted by defendant Oronoz, in our chosen profession"). Insofar as Ms. Ortiz argues Attorney Lopez has committed prosecutorial misconduct, the Court concludes this Defendant is protected by prosecutorial immunity. "Absolute immunity applies to a narrow

swath of public individuals, including 'judges performing judicial duties within their jurisdiction,' 'prosecutors performing acts intimately associated with the judicial phase of the criminal process,' and agency officials with functions similar to judges and/or prosecutors." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) (quoting *Bettencourt v. Bd. of Regist. in Med. of Mass.*, 904 F.2d 772, 778 (1st Cir. 1990)).  As noted, "[t]he protection afforded by an absolute immunity endures even if the official 'acted maliciously and corruptly' in exercising [her] judicial or prosecutorial functions," *id.* (quoting *Wang v. N.H. Bd. of Regist. in Med.*, 55 F.3d 698, 702 (1st Cir. 1995)), and likewise endures "in the presence of 'grave procedural errors.'"  *Id.* (quoting *Nystedt v. Nigro*, 700 F.3d 25, 32 (1st Cir. 2012) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).  Thus, any claims advanced by the Plaintiff against Attorney Lopez in her performance of prosecutorial acts do not state a colorable claim for relief.

The Court reaches the same conclusion on the Plaintiff's claims regarding Attorney Lopez's actions in lawsuits not involving the Plaintiff.  *See Compl.* at 18-19 (alleging "Lopez Prieto has always been known, for the very repetitive and illegal tactics she followed, with the '*Russian Boy Case*[.']  At that time, Lopez Prieto used her same old repertoire of illegal tactics, against Irina Romanov, in yet another failed attempt to illegally kidnap another child: the Lit[h]uanian boy named Arnas").  These claims are unavailing for two reasons: first, due to Attorney Lopez's prosecutorial immunity and, second, due to the Plaintiff's lack of standing to seek relief for conduct in which she alleges no injury to herself.  *See, e.g., Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560-61 (1992) (determining the "irreducible constitutional minimum of standing" that a party invoking federal jurisdiction must establish: (1) an injury in fact that is concrete and particularized, and actual or imminent; (2) a causal connection between the injury and conduct complained of; and (3) a likelihood that the court could redress the injury with a favorable decision). Particularly relevant here, to establish an injury in fact, a plaintiff must show she "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03 (1983). Ms. Ortiz does not clear this initial hurdle on her claim involving Attorney Lopez's actions against Irina Romanov or any other third-party.[2]

Finally, insofar as the Plaintiff seeks relief against Attorney Lopez-Prieto for her conduct not as a prosecutor but as a private individual, *see Compl.* at 15 (describing Attorney Lopez as a respondent in an action commenced by the Plaintiff); *id.* at 18 (recounting an ethics complaint the Plaintiff filed against Attorney Lopez); *id.* at 21-22 (alleging, "[a]s recently as 2024 and 2025, Lopez Prieto, along with all sorts of co-conspirators, such as A.B.O.'s tainted '*Guardian Ad Litem*' . . . have . . . used Facebook and/or every other possible vehicle, to defame us, and to publish libel),

---

[2]     There is additionally nothing in Ms. Ortiz's pleadings which would allow the Court to conclude she has third-party standing to bring this claim. The First Circuit described third party standing as an "isthmian exception" which "permit[s] one to assert another's rights in circumstances where 'some barrier or practical obstacle deters a third party from asserting its rights.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 39 (1st Cir. 2013) (quoting *Wine & Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 49 (1st Cir. 2005)). However, here, as in *Freeman*, "there is no allegation that the [third party] is incapable of asserting his or her own rights, and therefore we lack jurisdiction over this claim." *Id.*

Ms. Ortiz's claims of constitutional violations do not provide her with a plausible pathway to relief.  Plaintiff alleges violations of numerous legal authorities, namely, the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and brings her claims in this Court pursuant to 42 U.S.C. §§ 1983, 1985, and 1988.  *See, e.g., Compl.* at 5-6.  However, Attorney Lopez, as a private individual, cannot be held liable for alleged constitutional violations because the United States Constitution "erects no shield against merely private conduct, however . . . wrongful."  *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).  A private party can be held to be a state actor for purposes of § 1983 only under limited circumstances, none of which are present here.  *See id.* at 1004-05 (describing circumstances under which a private actor can be deemed to be a state actor for purposes of § 1983).

## V.    CONCLUSION

The Court DISMISSES without prejudice Maritza Ortiz-Sanchez's Complaint (ECF No. 2) after a 28 U.S.C. § 1915 review.  Accordingly, the Court DISMISSES as moot Ms. Ortiz's Motion to request the United States Marshal Service to serve summons (ECF No. 5).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2025

15